UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/08

---

LARRY WILLIAMS,

             Plaintiff,

-v-

JOHN DOES, 1-11, sued in their individual capacities,

             Defendants.

No. 07 Civ. 3018 (RJS)

MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

Before the Court is a request for an extension of time to file a response to Plaintiff's Letter Motion of March 5, 2008. The request is GRANTED.

## I. BACKGROUND

Plaintiff Larry Williams alleges that "John Does 1-11," unidentified United States Marshals for the Southern District of New York, used excessive force when he was in their custody in and in transit to the United States Courthouse for the Southern District of New York. Plaintiff further alleges that he was denied medical treatment and that, while detained at the Metropolitan Detention Center, he was placed in Administrative Detention at the behest of the defendants. Finally, Plaintiff alleges that his due process rights to a fair trial were violated when the United States Marshals lost legal material belonging to him, harassed him during his trial, and threatened him.

Plaintiff has not provided the names of the eleven defendants. On October 30, 2007, this Court ordered the United States Attorney's Office for the Southern District of New York (the USAO) to identify the officers who came into contact with Williams as described in his complaint and to provide him and this Court with each officer's name and last known address. On December 17, 2007, the USAO



identified two of the eleven unnamed defendants. The USAO was unable to identify the remaining nine defendants. It noted that Plaintiff's complaint failed to mention John Does 9-11, and that there are no specific allegations of misconduct against John Doe No. 2 whatsoever. The USAO further noted that "no less than forty different officers and/or independent contractors hired by the [United States Marshal's Service] may have come into contact with Plaintiff."

In a letter motion dated January 6, 2008, Plaintiff requested that the Court order the government "to produce the names and pictures" of the forty different officers. By Order dated January 17, 2008, the Court denied Plaintiff's request as premature, and ordered Plaintiff to submit additional details to the Court and the USAO that would enable the USAO to further identify the unnamed defendants. The Court directed Plaintiff to provide details including, but not limited to, the location of the defendants at the times in question, identifying physical descriptions, and a specific explanation of the allegations against John Does Nos. 9-11. The Court explicitly ordered Plaintiff to submit his letter to this Court as well as to the attention of Carolina A. Fornos, Assistant United States Attorney, 86 Chambers Street, 3rd Floor, New York, New York 10007.

On February 17, 2008, by letter motion, Plaintiff sought an extension of time to respond to the January 16, 2008 Order. By Memorandum and Order dated February 21, 2008, this Court granted Plaintiff's request and extended the time to respond until March 5, 2008.

On March 5, 2008, Plaintiff timely filed a response to this Court's Order. Plaintiff indicated that a copy of the response had been sent to "AUSA Carolina A. Fornos," as directed by the Court. On April 20, 2008, Plaintiff wrote to the Court, indicating that the AUSA had failed to comply with the Court's Order. That letter also purported to be cc'd to the USAO. A copy of Plaintiff's April 20, 2008 letter was faxed to the Court by Plaintiff's mother on May 5, 2008.



By letter dated June 30, 2008, the USAO states that it never received the March 5, 2008 response to the Court's Order. The USAO further asserts that it never received copies of the January 6, 2008 letter, the February 17, 2008 letter, the April 20, 2008 letter, or the May 5, 2008 fax. In light of these facts, the USAO requests a copy of Plaintiff's correspondence as well as 45 days from receipt of such correspondence to respond to Plaintiff's March 5, 2008 letter.

## II. CONCLUSION

Accordingly, the Clerk of the Court is hereby ORDERED to docket the attached letters, dated January 6, 2008, March 5, 2008, April 20, 2008, May 5, 2008, and June 30, 2008.

The USAO is hereby ORDERED to make reasonable efforts to further identify the unnamed defendants and to provide Plaintiff and this Court, **within 20 days** of the date of this Order, with each officer's name and last known address. In the alternative, should it continue to be impossible to identify the defendants, the USAO shall submit a letter **within 20 days** of the date of this Order to the Court and Plaintiff reflecting that fact. *See Vasquez v. Mill*, No. 03 Civ. 3905, 2006 U.S. Dist. LEXIS 70487, at *21 (S.D.N.Y. Sept. 27, 2006) (ordering USAO to identify unnamed federal officer defendants); *Flemming v. Velardi*, No. 02 Civ. 4113, 2003 U.S. Dist. LEXIS 13078, 2003 WL 21756108, at *4 (S.D.N.Y. July 30, 2003) (construing letter and motion for summary judgment from pro se prisoner-plaintiff as leave to amend complaint and request for discovery of ten unnamed defendant police officers' identities, and directing government attorney to provide plaintiff within 30 days of order the name and last known address for plaintiff's arresting officers).

Should the USAO continue to be unable to identify the unnamed defendants, Plaintiff may, **no later than 30 days** after receiving the letter from the USAO, renew his request to order the USAO to disclose the names and photographs of the potential defendants.

3

Alternatively, should the USAO provide the defendants' identities and addresses, Plaintiff must file an amended complaint identifying John Does Nos. 1-11 by their proper names, **no later than 30 days** after receiving the names from the USAO. Plaintiff must then request an amended summons and a new service package from the Pro Se Office of this Court. Upon receiving those documents, Plaintiff must fill out the forms and provide the Marshals with the proper documents so that they may serve the summons and amended complaint. If Plaintiff would like further assistance, he may contact the Pro Se Office of this Court at 500 Pearl Street, Room 230, New York, New York 10007, telephone (212) 805-0175.

Should the USAO fail to receive further correspondence from Plaintiff by the deadlines established by the Court, the USAO is hereby ORDERED to submit a letter to the Court indicating that Plaintiff has either failed to comply with the deadlines or has failed to send a copy of his correspondence to the USAO.

**Plaintiff's failure to comply with these deadlines may result in the dismissal of the plaintiff's complaint pursuant to Rule 41. Plaintiff is further ORDERED to mail a copy of all correspondence to Carolina A. Fornos, Assistant United States Attorney, 86 Chambers Street, 3rd Floor, New York, New York 10007.**

SO ORDERED.

Dated:   July 10, 2008
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE