USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9|17|08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARRY WILLIAMS,

                Plaintiff,

-v-

JOHN DOES, 1-11, sued in their individual capacities,

                Defendants.

No. 07 Civ. 3018 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Before the Court is Plaintiff's "Motion for a Court Order for Daily Access to the Law Library," filed on August 8, 2008. For the reasons set forth below, Plaintiff's motion is DENIED without prejudice.

First, Plaintiff failed to comply with Rule 2(A) of the Individual Practices of the undersigned, located at http://www1.nysd.uscourts.gov/cases/show.php?db=judge_info&id=315. That Rule requires the movant, prior to the filing of any non-discovery motion, to: (1) submit a letter setting forth the anticipated bases of the motion, and (2) seek to arrange a pre-motion conference with the Court. Plaintiff's motion is not properly before the Court because he did not submit a pre-motion letter, and it will not be considered.

Second, notwithstanding Plaintiff's failure to comply with Rule 2(A), Plaintiff's motion is premature in light of a related motion that is currently pending before the Honorable Barbara S. Jones, District Judge, in *United States v. Larry Williams*, 02 Cr. 1372 (BSJ). Pursuant to the motion before Judge Jones, Plaintiff seeks to remove an order of separation precluding him from interacting with another inmate at the Metropolitan Correctional Center. In a letter dated August 3, 2008 and sent to Judge Jones by Plaintiff's standby counsel, Plaintiff acknowledges that

restrictions on his library access "result[] primarily from the current separation order." Plaintiff's motion before Judge Jones is presently stayed until October 6, 2008 in order to allow him to amend the motion, and it would be premature to reach the merits of his application in the above-captioned case until his motion before Judge Jones is resolved.

Third, if the Court were to reach the merits of Plaintiff's motion at this time, the requested relief would be denied. Plaintiff's constitutional right to access to the courts requires either "adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Plaintiff has some legal assistance, in the form of access to standby counsel, at least with respect to the criminal proceedings against him. *See Spates v. Manson*, 644 F.2d 80, 84-85 (2d Cir. 1981). Moreover, any limitations on Plaintiff's library hours are likely valid so long as "reasonably related to legitimate penological interests," such as the need to enforce the pending separation order. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Finally, Plaintiff's papers fail to demonstrate that he has standing to seek relief for an alleged violation of his right of access to the courts because he alleges no actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("[T]he inmate therefore must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). In connection with the "actual injury" requirement, the Court notes that the right of access protects "a right to bring to court a grievance that the inmate wished to present" rather than an inmate's right to "*discover* grievances, and to litigate *effectively* once in court." *Id.* at 354.

Accordingly, Plaintiff's motion is hereby DENIED without prejudice to renewal upon the resolution of his pending motion before Judge Jones. Plaintiff is reminded that compliance with Rule 2(A) of the Court's Individual Practices is required. The Clerk of the Court is respectfully directed to terminate the motion located at document number 13.

SO ORDERED.

Dated:   September 17, 2008
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE