USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LARRY WILLIAMS,

                Plaintiff,

-v-

JOHN DOES, 1-11, sued in their individual capacities,

                Defendants.

No. 07 Civ. 3018 (RJS)
MEMORANDUM AND ORDER

---

RICHARD J. SULLIVAN, District Judge:

Before the Court is Plaintiff's September 17, 2008 letter renewing his request for the production of names and photographs of forty unidentified United States Marshals Service ("USMS") employees. For the reasons stated below, Plaintiff's request is denied and Plaintiff is granted leave to amend the Complaint in this matter.

1. Background[1]

Plaintiff Larry Williams commenced this action pursuant to 42 U.S.C. § 1983 on April 16, 2007, claiming violations of his rights under the First, Fifth, Sixth, and Eighth Amendments of the U.S. Constitution. Plaintiff alleges that these violations occurred between February 2004 and December 2005. Particularly relevant here are Williams' allegations that "John Does 1-11," unidentified USMS employees, used excessive force while he was in their custody and in transit to the United States Courthouse for the Southern District of New York on or about March 1, 2004.

---

[1] The Court recites only those facts relevant to Plaintiff's instant application. More detailed background information regarding the procedural posture of this case was provided in the Court's July 10, 2008 Order.

Williams has thus far been unable to identify the John Doe defendants. Pursuant to a Court Order, the United States Attorney's Office for the Southern District of New York ("USAO") provided probable identifications of two of the eleven unnamed defendants in a December 17, 2007 letter. The USAO indicated that it was unable to identify the remaining nine defendants, and it stated that "no less than forty different officers and/or independent contractors hired by the [USMS] may have come into contact with Plaintiff."

In a motion dated January 6, 2008, Plaintiff sought to compel the USAO "to produce the names and pictures" of the forty USMS employees and independent contractors referenced in the USAO's letter. By Order dated January 17, 2008, the Court denied Plaintiff's request as premature, and it ordered Plaintiff to submit additional details to facilitate the identification of the John Doe defendants.

On March 5, 2008, Plaintiff provided additional information regarding the unnamed USMS employees. On July 10, 2008, the Court ordered the USAO and the USMS to take further steps to identify the USMS employees. In the same Order, Plaintiff was granted permission to renew his request for identification and photographs of the USMS employees after the USAO complied with the Court's instructions.

The USAO responded by letter dated August 15, 2008, indicating that "despite diligent efforts, the USMS has been unable to identify the John Does based on [the] new information" provided by Plaintiff. In that letter, the USAO pointed out that Plaintiff's allegations focus primarily on John Does Nos. 1 and 3, who the USMS has determined are probably Detention Enforcement Officer Luis Figueroa and Supervisory Detention Enforcement Officer Thomas Ventiere, respectively. The USAO argued that the Complaint lacks specific allegations against the other John

2

Does, and that Plaintiff's request for their names and photographs is impracticable because the USMS does not maintain photographs of current and former employees.

Plaintiff responded by letter dated September 17, 2008. He argues that the names of the forty unnamed USMS employees are "necessary to put forth . . . claims of a civil conspiracy," and that he has stated claims against each of the John Doe defendants based on theories of negligence, bystander liability, threats, harassment, and torture. On those bases, Plaintiff asks the Court to order production of the names and photographs of the forty unidentified USMS employees who he may have come into contact with "by any means necessary."

## II. Discussion

District courts have "a duty to assist *pro se* plaintiffs in ascertaining the identities of the defendants, particularly where . . . the plaintiff is incarcerated and cannot carry out a full pre-trial investigation." *Robinson v. Matos*, No. 97 Civ. 7144 (TPG), 1999 WL 225938, at *4 (S.D.N.Y. April 19, 1999) (citing *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)). "While a plaintiff generally cannot bring a claim against an unidentified person, the rule is not applied strictly against *pro se* plaintiffs, especially when incarcerated . . . ." *Warren v. Goord*, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007); *see also Valentin*, 121 F.3d at 75. "[I]t is well settled in the Second Circuit that a *pro se* plaintiff who is incarcerated . . . may simply name defendants as 'John Doe' in his complaint until further investigation during discovery." *Peterson v. Tomaselli*, No. 02 Civ. 6325 (RJH), 2004 WL 2211651, at *5 (S.D.N.Y. Sept. 30, 2004) (quoting *Valentin*, 121 F.3d at 75-76); *see also Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998); *Warren*, 476 F. Supp. 2d at 413-14.

Williams brings this action as a *pro se* incarcerated Plaintiff. Because of these circumstances, the Court attempted to assist him in identifying the John Doe defendants currently

3

named in the Complaint by ordering the USAO to "make reasonable efforts to further identify the unnamed defendants and to provide Plaintiff . . . with each officer's name and last known address." (Court Order dated July 10, 2008.) In response to the Court's Order, on August 15, 2008, the USAO stated that "the USMS has indeed made reasonable efforts . . . but neither Plaintiff's correspondence of March 5, 2008, nor Plaintiff's Complaint, assist the USMS in identifying any more of the John Does, except for one possible identification . . . ." Thus, after the Court's assistance and reasonable efforts by the USAO and USMS, Plaintiff is currently unable to identify the John Doe defendants.

In response to Plaintiffs' renewed request, and based on the allegations in the Complaint as well as the arguments in his September 17, 2008 letter, the Court declines at this time to order the USAO or USMS to produce names or photographs of the forty USMS employees who *may* have come into contact with Williams on or about March 1, 2004. Although this type of relief is not unprecedented, *see, e.g.*, *Vazquez v. Mill*, No. 03 Civ. 3905 (RJH), 2006 WL 2789914 (S.D.N.Y. Sept. 25, 2006), such an order is soundly within the Court's discretion based on the facts of the case. *See Valentin*, 121 F.3d at 75 ("The district court may pursue any course that it deems appropriate to a further inquiry into the identity of [the defendant]."). Plaintiff's conclusory allegations do not warrant an order to produce the names of every government employee who he "may" have come into contact with on March, 1, 2004.

Similar court orders to identify defendants have been issued only where the plaintiff's allegations are either more narrowly tailored or based on more specific events than William's current request relating to forty USMS employees and an entire day's events. *See Flemming v. Velardi*, No. 02 Civ. 4113 (AKH), 2003 WL 21756108, at *4 (S.D.N.Y. July 30, 2003) (ordering production of plaintiff's ten arresting officers); *London v. Watkins*, No. 99 Civ. 2769 (RLE), 2000 WL 713088, at

4

*1 (S.D.N.Y. June 2, 2000) (ordering USAO to identify plaintiff's arresting officers and New York City to identify two corrections officers). In *Vazquez*, for example, the Court ordered the USAO to identify only the plaintiff's arresting officers. 2006 WL 2789914, at *6. In light of the breadth of Plaintiff's request, as well as the reasonable efforts undertaken by the USAO and USMS to help identify the John Doe defendants named in the Complaint, the Court declines to order the production of the forty USMS employees' names and photographs at this time.

Instead, Plaintiff is hereby granted leave to amend the Complaint to add parties as appropriate and include new information that was developed after this action was commenced. *See* Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). With respect to the remaining unidentified defendants, Plaintiff should add as much identifying detail as possible in order to satisfy the requirements of a valid pleading. *See* Fed. R. Civ. P. 8(a); *Robinson*, 1999 WL 225938, at *4 ("If [the defendant] files an amended complaint, he should do his best to identify any John Doe defendants he is suing. He should at least be specific about what wrongful acts he alleges against them. If an amended complaint is filed, and if it complies with the legal requirements of a valid pleading, the court will consider what assistance, if any, [defendant] needs in identifying John Doe defendants."). To the extent Williams' amended pleading states claims against USMS employees, he may use the pre-trial discovery process and such other assistance as the Court later deems appropriate to identify those defendants.

Finally, Plaintiff is reminded of the three-year statute of limitations for *Bivens* actions brought under 42 U.S.C. § 1983. *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(c). "[A]n amended complaint adding new defendants [does not] relate back [to the date of the original complaint] if the newly-added defendants were not named originally because

5

the plaintiff did not know their identities." *Barrow v. Wethersfield*, 66 F.3d 466, 470 (2d Cir. 1995), *as modified*, 74 F.3d 1366 (2d Cir. 1996).

## II. Conclusion

For the reasons stated above, Plaintiffs renewed request for production of names and photographs of the forty unnamed USMS employees referenced in the USAO's December 17, 2007 letter is DENIED. Nonetheless, in the interest of justice, Plaintiff is granted leave to amend his Complaint.

SO ORDERED.

Dated: September 30, 2008
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Order have been mailed to:

Larry Williams # 53927-019
MCC New York
150 Park Row
New York, NY 10007

Carolina A. Fornos
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007

6