UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
           6/5/09
```

LARRY WILLIAMS,

                  Plaintiff,

-v-

UNITED STATES OF AMERICA, UNITED
STATES MARSHAL SERVICE, LUIS
FIGUEROA, THOMAS VENTIERE, A.J.
KRAUSE, DONNY LNU, *et al.*,

                  Defendants.

No. 07 Civ. 3018 (RJS)
ORDER OF DISMISSAL

RICHARD J. SULLIVAN, District Judge:

Plaintiff commenced this action on April 13, 2007. (Doc. No. 1.) On October 2, 2008, Plaintiff was granted leave to file an amended complaint. (Doc. No. 16.) Although Plaintiff failed to do so in a timely fashion, by Order dated December 4, 2008 the Court granted him an extension of time until January 5, 2009 in which to file the amended pleading. (Doc. No. 18.) Plaintiff failed to comply with the Court's deadline, but his Amended Complaint was filed on January 7, 2009 and deemed timely. (*See* Doc. No. 19.)

On March 2, 2009, the Court noted that Plaintiff had failed to serve any of the Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. No. 20.) The Court directed Plaintiff to effect service by April 1, 2009, and suggested that he seek assistance from this District's *Pro Se* Office in order to do so. (*Id.*) The March 2, 2009 Order expressly warned that "[f]ailure to complete service in a timely fashion following this Order will result in the dismissal of this action pursuant to Rule 41(b)." (*Id.*)

On April 9, 2009, Plaintiff submitted a letter to the Court requesting an additional extension

of time in which to serve Defendants. (*See* Doc. No. 22.) The Court granted the extension, directed that service be completed by May 15, 2009, and ordered Plaintiff to submit a status letter by May 29, 2009 regarding his efforts to serve Defendants. Similar to the March 2, 2009 Order, the Court's April 9, 2009 Order stated that "[n]o further extensions will be granted absent truly compelling circumstances, and failure to complete service in a timely fashion following this Order will result in dismissal of this action pursuant to Rule 41(b)." (*Id.*)

"[D]ismissal for lack of prosecution is a 'harsh remedy' that should 'be utilized only in extreme situations.'" *Lewis v. Rawson*, 546 F.3d 569, 575-76 (2d Cir. 2009) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). The Second Circuit has identified five factors that are relevant to a district court's use of the Rule 41(b) sanction:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Although "[n]o one factor is dispositive," *id.*, the *Drake* factors suggest that dismissal of this action pursuant to Rule 41(b) is appropriate. First, Plaintiff commenced this action over two years ago, but as of June 5, 2009 he has not filed proof of service on *any* Defendant. Nor has the Court received the status letter that Plaintiff was to submit by May 29, 2009. Second, Plaintiff was twice given notice — by the Court's Orders dated March 2 and April 9, 2009, respectively — that further delay would result in dismissal pursuant to Rule 41(b). Plaintiff has not heeded these warnings. Third, the Court concludes that Plaintiff's continued delay prejudices Defendants' ability to defend against this action.

2

Finally, the Court has granted Plaintiff several opportunities to identify and name in this action the persons whom he alleges have caused him injuries. Specifically, the Court has twice directed the United States Attorney's Office to attempt to identify persons matching the vague descriptions that Plaintiff has provided. (*See* Doc. Nos. 6, 8.) Thus, the Court has made every effort to afford Plaintiff his "right to an opportunity for a day in court," and to avoid having to impose this sanction. *Drake*, 375 F.3d at 254. Nevertheless, Plaintiff has failed to comply with the Court's deadlines and avail himself of these opportunities. Accordingly, the Court concludes that this action must be dismissed pursuant to Rule 41(b). The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:  June 5, 2009
        New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Copies of this Order have been mailed to:

Larry Williams
53927-019
Metropolitan Detention Center
80 29th Street
Brooklyn, New York 11232

Carolina A. Fornos
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007